**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Kennedy,<br><br>           Plaintiff,<br><br>vs.<br><br>County of Mohave, et al.,<br><br>           Defendants. | No. CV-17-08206-PCT-SPL<br><br>**ORDER** |

Plaintiff Kimberly Kennedy (the "Plaintiff") filed suit against the County of Mohave and Deputy Mark Giralde (together, the "Defendants") alleging causes of action pursuant to 42 U.S.C. § 1983, among other claims. (Doc. 29) The Defendants moved for summary judgement on each of the Plaintiff's claims (Doc. 76), which the Court denied in part on July 22, 2019. (Doc. 92) The Defendants filed a motion for reconsideration (the "Motion") on July 25, 2019. (Doc. 93) The Plaintiff filed a response to the Motion, and oral argument was not requested. (Doc. 95) For the reasons set forth below, the Motion is granted in part.

Reconsideration is disfavored and "appropriate only in rare circumstances." *WildEarth Guardians v. United States Dep't of Justice*, 283 F. Supp. 3d 783, 795 n.11 (D. Ariz. June 21, 2017); *see also Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2014 WL 12643162, at *2 (D. Ariz. May 23, 2014) ("[Reconsideration] motions should not be used for the purpose of asking a court to rethink what the court had already thought through-rightly or wrongly.") A motion for reconsideration will be granted only where the Court "(1) is presented with newly discovered evidence, (2) committed clear

error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Defendants request for the Court to reconsider its Order (Doc. 92), arguing that the Court committed manifest error in denying summary judgment on the Plaintiff's claims for negligence and intentional infliction of emotional distress. (Doc. 93 at 1–2) The Defendants argue that the Court incorrectly found that Giralde's intentional act of shooting into a vehicle containing the Plaintiff could provide the basis for a negligence claim. (Doc. 93 at 1) The Defendants also argue that the Court committed manifest error in finding that the Plaintiff's anxiety, nightmares, and crying spells suffice to support a claim for intentional infliction of emotional distress. (Doc. 93 at 2)

Under Arizona law, a plaintiff cannot assert a negligence claim based solely on an officer's intentional use of physical force. *Ryan v. Napier*, 425 P.3d 230, 233 (Ariz. 2018). A plaintiff *may*, however, base a negligence claim on conduct by the officer that is independent of the intentional use of physical force. *Id*. If an actor has in mind either the desire to bring about the consequences that follow or the substantial certainty that those consequences will occur, he acted intentionally. *Id*. at 236. In the present case, Giralde acted intentionally when he fired his weapon into the vehicle containing the Plaintiff and her husband. At minimum, it is clear to the Court that Giralde was substantially certain that firing his weapon into the vehicle could bring about the future pain, economic loss, mental anguish, and loss of companionship, services, affection, and consortium that ultimately befell Plaintiff, who was the decedent's wife and who was sitting in the passenger's seat at the time. The Court finds that Giralde did not engage in any other conduct that was by itself negligent and the cause of Plaintiff's harm. Regardless of who the plaintiff is, the act that serves as the basis of the claim is Giralde's firing of his weapon. Because this was an act that was done intentionally, it cannot be the basis of a negligence claim under Arizona law. Therefore, the Court committed manifest error in denying summary judgment on Plaintiff's claim of negligence.

Turning to the Plaintiff's claim for intentional infliction of emotional distress, a plaintiff must show that she suffered from severe emotional distress, such as "where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Pankratz v. Willis*, 744 P.2d 1182, 1190–91 (Ct. App. 1987). A plaintiff need not show that the distress is disabling nor must she show any sort of physical manifestation of the distress. *Id*. By this standard, the Court finds that a genuine issue of material fact exists as to whether Plaintiff suffered severe emotional distress from witnessing the shooting of her husband. For over two years, Plaintiff has suffered from daily severe anxiety, frequent nightmares, difficulty getting out of bed and functioning in daily life, and daily crying spells. While it is true that some of these symptoms are similar to those suffered by the plaintiff in *Midas*, there is a stark difference in the harm suffered in the two cases. *Midas Muffler Shop v. Ellison*, 650 P.2d 496, 498 (Ct. App. 1982). In *Midas*, the plaintiff endured a number of harassing phone calls from a debt collector. Here, Plaintiff witnessed the shooting and death of her husband. The Court finds that Plaintiff's symptoms meet the requisite level of severity required, especially considering the unendurable character of a harm such as the permanent loss of a spouse. It follows that such a loss likely created distress of the requisite proportion. Therefore, the Court finds that it did not commit manifest error in allowing Plaintiff's claim for intentional infliction of emotional distress to go forward.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 93) is **granted in part**;

**IT IS FURTHER ORDERED** that the Court's Order (Doc. 92) is revised to hold that Defendants' Motion for Summary Judgment (Doc. 76) is granted in part as to Counts 3, 5, and 6; and

///

///

///

**IT IS FURTHER ORDERED** that the Court's Order (Doc. 92) is revised to hold that Defendants' Motion for Summary Judgment (Doc. 76) is denied in part as to Counts 1, 2, 7, and 8.

Dated this 18th day of September, 2019.

_____
Honorable Steven P. Logan
United States District Judge