**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Kennedy, et al., ) | No. CV-17-08206-PHX-SPL |
| ) | |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| ) | |
| Mohave County, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

   Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 161). On January 7, 2020, Defendants file a Motion to Dismiss Count One of Plaintiff's Complaint for failure to state a claim (Doc. 115). On June 18, 2020, the Court denied the Motion because it was filed a year and a half after Defendants filed their Answer and was therefore untimely pursuant to Federal Rule of Civil Procedure 12(b). (Doc. 137 at 2). Defendants now essentially seek reconsideration, arguing their Motion "should have been converted to (considered to be) a motion for judgment on the pleadings instead of being denied for untimeliness" and rearguing the merits of the Motion. (Doc. 161 at 1).

   Trial in this case is schedule to begin tomorrow, August 3, 2021. Defendants waited until almost 14 months after the Court's Order denying their Motion, and until the day before trial, to object to the Order. The instant Motion is essentially a motion for reconsideration which must be denied as untimely because, per Local Rule 7.2(g), motions for reconsideration "shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Further, even if the Court considered the

Motion to be a true motion for judgment on the pleadings, the Court must deny the Motion because it would unquestionably delay trial. Federal Rule of Civil Procedure 12(c) permits that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Local Rule 7.2(c), a party may respond within fourteen days to a motion for judgment on the pleadings. Because trial is scheduled to begin tomorrow, the motion will not even be ripe for this Court's review until after the trial is expected to conclude. *See, e.g.*, *Riggins v. Walter*, 279 F.3d 422, 427 (7th Cir. 1995) (affirming denial of a motion for judgment on the pleadings as untimely when filed "[m]ore than twenty-six months after the close of pleadings, twenty months after the dispositive motions deadline and two weeks after the final pretrial order"). Accordingly,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 161) is **denied**.

Dated this 2nd day of August, 2021.

Honorable Steven P. Logan
United States District Judge